UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TIMOTHY EVANS                                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:09CV485-RHW

MELVIN BRISOLARA et al                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following a screening hearing conducted on March 9, 2010, pursuant to 28 U.S.C. § 1915A. Plaintiff, proceeding pro se and in forma pauperis, filed a 42 U.S.C. § 1983 civil rights complaint alleging constitutionally inadequate medical care in the treatment of scabies. He also alleges a violation of HIPAA regulations. These alleged violations occurred while Plaintiff was incarcerated at the Harrison County Adult Detention Center. In response to Plaintiff's complaint, Defendants Pat Olsen, Melvin Brisolara, and Donald Cabana have filed [22, 28] Motions to Dismiss. Also pending before the Court is Plaintiff's [18] Motion to Amend Complaint in which he seeks to add Nurse Cindy Farish as a defendant and dismiss Melvin Brisolara as a defendant.

## Factual Background

Plaintiff entered the Harrison County Adult Detention Center as a pre-trial detainee on March 16, 2008. Plaintiff alleges that shortly after his incarceration, he contracted scabies. On March 20, 2008, Cindy Farish saw Plaintiff for the first time regarding his complaints about a skin condition. According to Plaintiff, Farish informed him that he had a "jailhouse rash" and gave him hydrocortisone cream. Plaintiff's condition persisted, and Farish saw Plaintiff about a week and a half later. At this second visit, Farish gave Plaintiff an antifungal cream. Plaintiff

alleges that the hydrocortisone and antifungal creams did not resolve his rash. Plaintiff alleges that Farish did not allow Plaintiff to see a doctor about his skin condition after the first two visits, and she did not conduct a physical examination.

Approximately four or five weeks after the second visit to see Farish, Plaintiff was seen by a different nurse who told him that his condition looked like scabies. The nurse put Plaintiff on doctor's call the next day. Plaintiff alleges that he was officially diagnosed with scabies and administered two treatments. The second treatment was administered a few weeks after the first treatment. Plaintiff stated that after the second treatment the scabies condition was cured. He contends that the scabies condition caused Plaintiff to suffer from mental illness and that he has been diagnosed with touch hallucination disorder for which he is being treated.

## **Law and Analysis**

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).

As an initial matter, the Court finds that the [28] Motion to Dismiss and [18] Motion to Amend should be granted to dismiss Melvin Brisolara as there appears to be no dispute on this matter. As set out below, the Court likewise finds that the [22, 28] Motions to Dismiss should be granted as to Defendants Pat Olsen and Warden Don Cabana, and the [18] Motion to Amend should be denied with regard to Cindy Farish.

To state a constitutional claim for denial of adequate medical care, Plaintiff must

2

demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

At the screening hearing, Plaintiff admitted that Olsen and Cabana did not find out about his scabies condition until *after* the first of two treatments had been administered. Thus, by the time Olsen and Cabana were made aware of the medical condition, Plaintiff already was receiving treatment. The second treatment was administered a few weeks after the first treatment. At some point after the second treatment, the scabies resolved itself. Based on Plaintiff's own statements, there is no evidence of deliberate indifference on the part of Defendants Olsen and Cabana. To the contrary, Plaintiff's condition was being treated during the time frame when Olsen and Cabana became aware that Plaintiff had scabies. The Court also finds that Plaintiff's HIPAA claims fail to state a cause of action, because HIPAA regulations do not create a private cause of action. *See Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006).

The Court further finds that the [18] Motion to Amend should be denied with respect to Nurse Cindy Farish. Although Farish apparently mis-diagnosed the condition, calling it a "jailhouse rash", she provided Plaintiff with hydrocortisone cream and antifungal cream to treat the rash on each of two visits. While Farsih's actions may constitute negligence, Plaintiff's

3

allegations fail to make out a claim of deliberate indifference. *See Hall*, 190 F.3d at 697. Therefore, the Court finds that an amendment to add Farish as a defendant would be futile. *See Stripling v. Jordan Production Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000). The request to amend should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the [18] Motion to Amend is GRANTED in part and DENIED in part; and the [22, 28] Motions to Dismiss are GRANTED. Plaintiff's lawsuit is dismissed with prejudice for failure to state a claim upon which relief may be granted.

SO ORDERED, this the 26th day of March, 2010.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE